**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 27, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KYLA LASHAWN NORBY,

    Defendant - Appellant.

No. 19-2179
(D.C. No. 5:16-CR-02815-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Kyla Lashawn Norby pleaded guilty to an information charging her with

production of child pornography. The parties stipulated to a sentence of 15 years'

imprisonment (the mandatory minimum), followed by a 15-year term of supervised

release. As part of her plea agreement, Ms. Norby agreed to pay restitution to the

victim in the amount of $210,012.00 and further agreed to "grant the United States a

wage assignment, liquidate assets, or complete any other tasks which will result in

immediate payment in full, or payment in the shortest time in which full payment can

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

be reasonably made as required under 18 U.S.C. § 3572(d)." Mot. to Enforce, Ex. 1 at 5. The district court ordered the agreed-upon restitution amount.

The government later filed a motion seeking an order authorizing payment of the amount in Ms. Norby's inmate account after it received notice that she had a balance of $28,348.66 (these funds came from the first payment of an inheritance). Ms. Norby objected to the government's motion, requesting that only 50 percent of the amount in her account be garnished. The district court granted the government's motion and ordered that all funds in excess of $100 currently held in Ms. Norby's account be remitted as payment towards her restitution obligation. Although her plea agreement contained an appeal waiver, she filed a notice of appeal from the district court's order. The government has moved to enforce the appeal waiver in Ms. Norby's plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that Ms. Norby's appeal falls within the scope of her appeal waiver, she knowingly and voluntarily waived her appeal rights, and enforcing the waiver would not result in a miscarriage of justice. In her response, Ms. Norby states that "[she] understands the law as set out in the Government's pleading" and "[s]he has no response to the legal argument." Resp. at 1. "[B]ut [she] submits that a more fair withdrawal, that would

2

leave her with some of her father's inheritance, would be more appropriate." Resp. at 1.

Because Ms. Norby does not contest the validity of her appeal waiver, we see no basis to consider her argument about the withdrawal of funds from her inmate account. Accordingly, we grant the government's motion to enforce the appellate waiver in the plea agreement and we dismiss this appeal.

Entered for the Court
Per Curiam
